**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**                                                  **CRIMINAL ACTION NO. 5:12CR-30-TBR**

**GEORGE DOUGLAS HOPKINS**                                                                   **DEFENDANT**

**MEMORANDUM AND ORDER**

Defendant George Douglas Hopkins filed a *pro se* motion (DN 77) in which he requests counsel and asks the Court to "to proceed with consideration of my case for relief" under the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is void for vagueness in violation of the Fifth Amendment.  Review of Defendant's motion reveals that it falls within the parameters of 28 U.S.C. § 2255.  A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  § 2255(a); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Before the Court will construe the motion as seeking relief under § 2255, it is required to provide him with an opportunity to withdraw or amend it.  *In re Shelton*, 295 F.3d 620 (6th Cir. 2002) (holding that district court must first give *pro se* prisoner notice that a motion may be recharacterized as a § 2255 motion).  If Defendant wishes to proceed, then Defendant is **warned** that such recharacterization of his motion as a § 2255 motion means that any subsequent § 2255 motion will be subjected to the restrictions on subsequent or successive § 2255 motions.  *See*

*Castro v. United States*, 540 U.S. 375, 383 (2003).[1] This Court will thus provide Defendant with an opportunity to withdraw the motion or to amend it so that it contains all of the claims that he believes that he has.

**WHEREFORE, IT IS ORDERED** as follows:

(1) **No later than 30 days** from the date of this Memorandum and Order, Defendant must notify the Court in writing whether he wants to withdraw his motion or amend it.

(2) If Defendant would like the Court to proceed with a review of the motion as a § 2255 motion, then he should complete the enclosed § 2255 form, including all challenges that he wishes to make regarding his federal sentence, and return it to the Court no later than **30 days** from the date of this Memorandum and Order.

(3) Failure to respond to this Memorandum and Order will result in recharacterization of the motion in question (DN 77) as a § 2255 motion.

(4) The Clerk of Court is **DIRECTED** to send to Defendant a § 2255 motion packet and a Prisoner *Pro Se* Handbook.

(5) Defendant's request for appointment of counsel (DN 77) is **DENIED** as premature at this time.

Date:

cc:     Defendant, *pro se*
        U.S. Attorney
4413.010

---

[1] Those restrictions are that a claim presented in a second or successive § 2255 motion that was not presented in the prior motion shall be dismissed unless Defendant shows that (1) the claim relies on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or that (2) the factual predicate for the claim could not have been discovered previously through due diligence and that the facts underlying the claim, if proven and considered in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found Defendant guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2); § 2255.